**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4807**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE TOMAS MACEDA CRUZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Henry M. Herlong, Jr., District Judge. (CR-05-6)

Submitted: January 31, 2006          Decided: February 15, 2006

Before NIEMEYER, LUTTIG, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, SALVINI & BENNETT, L.L.C., Greenville, South Carolina, for Appellant. Jonathan S. Gasser, United States Attorney, Maxwell Cauthen, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jose Tomas Maceda Cruz, an illegal alien, pled guilty to possession of counterfeit securities, 18 U.S.C.A. § 472 (West Supp. 2005) (Count One), and possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(5)(A) (2000) (Count Two), and was sentenced to a term of eighteen months imprisonment. Cruz appeals his sentence, contending that the sentence violated United States v. Booker, 543 U.S. 220 (2005), and that the district court erred in finding that Cruz possessed a firearm in connection with the counterfeiting offense. See U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2004). We affirm.

Cruz was stopped for speeding and was found to be in possession of a firearm and $120 in counterfeit currency. The district court determined that a four-level sentence enhancement was applicable because Cruz possessed the firearm in connection with another felony offense; that is, his possession of the counterfeit currency. Cruz argues that it was simply coincidence that the gun and the counterfeit money were both present in the car when he was stopped. In this circuit, "in connection with" has the same meaning as "in relation to," as used in 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005). United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003). Thus, the weapon must facilitate or have the potential to facilitate the other offense; its presence may not be accidental or coincidental. Id. (citing Smith v. United States,

- 2 -

508 U.S. 223, 238 (1993)).  In an appropriate case, the government may meet its burden of proof by showing that the gun "provid[ed] a means of protection or intimidation," Smith, 508 U.S. at 238, or that the defendant "prepared for this contingency by keeping the firearm close at hand."  Blount, 337 F.3d at 411.  Because Cruz chose to have the gun with him while he was in possession of counterfeit currency, we conclude that the district court did not clearly err in finding, impliedly, that Cruz possessed the firearm to protect himself and his property, including the counterfeit currency.

No Booker error occurred because the district court treated the guidelines as advisory.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (after Booker, sentencing court must still make appropriate findings of fact to calculate the guideline range and consider the range with other relevant factors before imposing sentence).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED